**IN THE UNITED STATES DISCTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VINCENT MEYERS | : | |
| 8423 Walker Street | : | CIVIL ACTION |
| Philadelphia, PA 19136 | : | |
| | : | CASE NO.: |
| Plaintiff, | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| KLEIN TOOLS, INC. | : | |
| 3111 Old Lincoln Highway | : | |
| Feasterville-Trevose, PA 19053 | : | |
| | : | |
| and | : | |
| | : | |
| GENERAL MACHINE PRODUCTS | : | |
| (KT), LLC | : | |
| 3111 Old Lincoln Highway | : | |
| Feasterville-Trevose, PA 19053 | : | |
| | : | |
| Defendants. | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

Vincent Meyers, (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. This action has been initiated by Plaintiff to redress violations by Klein Tools, Inc. ("Defendant Klein") and General Machine Products (KT), LLC ("Defendant GMP") (collectively "Defendants") for violation of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, et. seq.), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §2601 et seq.), and

1

the Pennsylvania Human Relations Act ("PHRA")[1]. Plaintiff asserts, *inter alia*, that he experienced unlawful workplace discrimination and retaliation, culminating in his termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.     There lies supplemental and/or ancillary jurisdiction over Plaintiff's future state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

4.     This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the *United States Supreme Court in International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

5.     Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6.     Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA. Plaintiff's PHRA claims will mirror identically his claims under the ADA.

2

administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

**PARTIES**

7.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.   Plaintiff is an adult, with an address as set forth in the caption.

9.   Defendant Klein is an international tool and construction manufacturer specializing in the telecommunications and electrical industries with operations in several states, including Pennsylvania, at an address listed in the caption.

10.   Defendant GMP is an international manufacturer for products in the telecommunications, power utility, and cable television industries with an operations location at the above-captioned address.

11.   Upon information and belief, Defendants have the same management and operations during Plaintiff's employment. Upon further information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are/were sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single, joint and/or integrated employer for purposes of the instant action.

12.   At all times relevant herein, Defendants acted by and through their agents, servants, and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. On or about August 12, 2022, Plaintiff was hired by Defendant as a Product Associate.

15. During the course of his employment with Defendant, Plaintiff was a hard-working employee who performed his job well and was not subject to any form of progressive discipline.

16. Due to his exceptional performance, Plaintiff was eventually promoted to the position of Parts Clerk II.

17. In this role, Plaintiff was supervised by Parts Manager, Joe Kozel ("Kozel"), and Office Manager, Steve LaCrosse ("LaCrosse").

18. Plaintiff has and continues to suffer from disabilities, including but not limited to plantar fasciitis and other related complications which limit his ability (at times) to stand for lengthy periods of time and walk.

19. Despite his disabilities, Plaintiff was still able to perform the essential job duties of his position, albeit he did require reasonable accommodations at times.

20. In or about late August/early September 2025, Plaintiff advised Defendant's management of his need to take a brief leave of absence to treat his plantar fasciitis.

21. After advising Defendant's management and Human Resources ("HR") Department about his disabilities and need for reasonable accommodations, Plaintiff initiated an approved FMLA medical leave of absence for his disabilities on or about September 8, 2025.

22.     On or about Monday, October 6, 2025, Plaintiff returned to work from his leave of absence but advised Defendant's management that he would continue to need to receive treatment in the future for his disabilities and may need to miss time from work accordingly.

23.     On his first day back, Plaintiff observed an unsafe work ladder that was previously damaged by a forklift still being used by other employees.

24.     Continuing to use the ladder was unsafe and against Defendant's policies, so Plaintiff advised coworker Manuel Medina to cease using the ladder and to inform Kozel that the ladder should be replaced and disposed of.

25.     The following day, on or about Tuesday, October 7, 2025, Plaintiff noticed that a bin of heavy equipment, approximately weighing over one hundred (100) pounds, was partially hanging over the edge of a high shelf and not properly secured.

26.     Concerned that the bin and equipment could fall and seriously hurt someone, Plaintiff complained to Kozel about the unsafe working condition.

27.     Rather than properly address Plaintiff's legitimate safety concern, Kozel instead gave Plaintiff a dismissive look and ignored him.

28.     On the very next day, Wednesday October 8, 2025, Plaintiff once again saw the unsafe ladder he requested to be disposed of  two days prior still in use, and the unsafe bins he complained about to Kozel still teetering over the edge of high shelving.

29.     Seeing both safety violations, Plaintiff once again complained to Kozel.

30.     In response, Kozel yelled, cursed, and accused Plaintiff of "having an attitude since returning from FMLA" even though Plaintiff was simply complaining of unsafe working conditions that Kozel should have previously addressed.

31. In actuality, Plaintiff never had an attitude during the days in question, but Kozel was expressing frustration towards Plaintiff for utilizing reasonable accommodations in the form of FMLA leave.

32. After being publicly chastised by Kozel, Plaintiff complained to LaCrosse about Kozel's outburst, his discriminatory treatment of Plaintiff, and the unsafe working conditions that were not previously addressed.

33. Shortly after complaining to LaCrosse, and presumably after LaCrosse informed Kozel about Plaintiff's complaints, Kozel approached Plaintiff and began yelling ad cursing at him once again for complaining to LaCrosse.

34. Even though Plaintiff attempted to continue working as normal, Kozel continued to subject him to hostility the likes he never previously did prior to Plaintiff advising him about his disabilities and need for medical leave.

35. At the conclusion of Kozel's harassment, he yelled at Plaintiff "you are done here, get out of here," and sent Plaintiff home.

36. Later that day, Casey Wilson ("Wilson"), Defendant's HR Representative, contacted Plaintiff and said he was suspended allegedly for "insubordination" towards Kozel.

37. The following Monday, October 13, 2025, Wilson emailed Plaintiff and informed him he was terminated.

38. Ultimately, Plaintiff was abruptly terminated without any prior corrective action only a week after returning from FMLA leave.

39. Defendant's reliance on this exchange with Kozel as justification for Plaintiff's termination was completely pretextual considering: (1) the timing of Plaintiff's termination almost immediately after utilizing FMLA; (2) the fact Plaintiff was complaining about unsafe working

6

conditions and Kozel's hostility towards him; (3) the disparate treatment Kozel displayed towards Plaintiff only after he advised him of his disabilities and utilized reasonable accommodations in the form of FMLA; and (4) the fact that Kozel did not treat other employees who made safety complaints in the same disparate manner that he treated Plaintiff on October 7 and October 8, 2025.

40.    For these reasons, Plaintiff avers that he was terminated because of his use of FMLA leave, his need for accommodations, his actual and/or perceived disabilities, and his complaints regarding discriminatory treatment.

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)

41.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42.    Plaintiff suffered from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities, such as standing and/or walking.

43.    Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant, however, Plaintiff did require reasonable medical accommodations at times.

44.    Plaintiff requested reasonable accommodations from Defendant, including but not limited to a leave of absence pursuant to the FMLA..

45.    At times, Defendant's management criticized Plaintiff from utilizing his protected medical leave in such a manner that it would deter any reasonable person from requesting any future accommodations.

46.    Plaintiff advised Defendant's management that he would need to miss time from work in the future for continuing treatment to his disabilities.

47.    After utilizing said reasonable accommodations and returning to work, Plaintiff was treated with hostility by Defendant's management before being abruptly terminated on or about October 13, 2025, for completely pretextual reasons.

48.    Plaintiff believes and therefore avers that his disabilities were a motivating and/or determinative factor in Defendant's decision to terminate his employment.

49.    Plaintiff also believes and avers that he was terminated in retaliation for engaging in protected activity under the ADA, and that Defendant failed to accommodate his reasonable accommodation requests.

50.    Defendants' actions as aforesaid constitute violations of the ADA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Retaliation & Interference)**

51.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52.    After completing one year of employment with Defendant, Plaintiff became an eligible employee under the FMLA and Defendant was an employer subject to the FMLA.

53.    Plaintiff suffered from serious health conditions within the meaning of the FMLA.

54.    As a result of Plaintiff's aforesaid serious health conditions, Plaintiff required a brief medical leave of absence to treat for and manage his conditions.

55.    Plaintiff kept Defendant informed of his serious health conditions and need for medical leave.

56.    Plaintiff exercised his rights under the FMLA by requesting and/or utilizing medical leave.

57.     Plaintiff was subjected to hostility and animosity by Defendant's management, including Kozel, as a result of his aforesaid use of FMLA leave through discouragement and derogatory comments.

58.     Plaintiff was then abruptly terminated on or about October 13, 2025, for completely pretextual reasons.

59.     Defendant committed interference and retaliation violations of the FMLA by *inter alia*: (1) terminating Plaintiff for requesting and/or exercising his FMLA rights; (2) taking actions towards him that would dissuade a reasonable person from exercising his rights under the FMLA (such as subjecting him to discriminatory and derogatory comments about needed to leave work early for his serious health condition); and/or (3) considering Plaintiff's FMLA leave needs in making the decision to terminate him.

60.     Defendant's actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enters an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

C.     Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

9

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**


By:      _____
Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com


Dated: June 29, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Vincent Meyers | : | CIVIL ACTION |
| v. | : | |
| Klein Tools, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x )

| | | |
|---|---|---|
| 6/29/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X]    Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐    None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MEYERS, VINCENT

**DEFENDANTS**
KLEIN TOOLS, INC., ET AL.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**          **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability    ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander    Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 835 Patent – Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability    ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine    Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product    Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | Product Liability    ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury    ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | ☐ 362 Personal Injury -    Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | | or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations    ☐ 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | mployment    **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other    ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)
Brief description of cause:
Violations of the ADA, FMLA and PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   6/29/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____